**No. 23-5295**                    **September Term, 2023**

**1:22-cv-02120-BAH**

**Filed On:** May 14, 2024

Leopold Roman Brandenburg, Sr.,

        Appellant

      v.

United States Department of State, Anthony
J. Blinken,

        Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Rao, Walker, and Garcia, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed July 11, 2023, be affirmed. Appellant has waived any challenge to the district court's dismissal of his claim under Title VII of the Civil Rights Act of 1964 that is based on his 2013 separation from the Department of State. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004). And the district court properly dismissed appellant's Title VII retaliation claim that is based on the State Department's 2019 denial of his debt waiver request. Appellant did not plausibly allege a causal connection between his prior protected activity and the alleged adverse employment action taken by the State Department. See Pueschel v. Chao, 955 F.3d 163, 167 (D.C. Cir. 2020).

The district court also properly dismissed appellant's Administrative Procedure Act ("APA") claim challenging the State Department's denial of his debt waiver request. To the extent that appellant seeks money damages, the district court correctly held that such relief is not available under the APA. See 5 U.S.C. § 702. The district court properly dismissed the non-monetary component of appellant's APA claim because

appellant failed to plausibly allege that the State Department's denial of his debt waiver request violated the APA.  This court "review[s] the district court's APA ruling de novo, as if the agency's decision had been appealed to this court directly."  Rempfer v. Sharfstein, 583 F.3d 860, 865 (D.C. Cir. 2009) (internal quotations omitted).  The State Department reasonably concluded that appellant was at "fault" for continuing to collect salary overpayments from the State Department, and was therefore not entitled to a debt waiver under 5 U.S.C. § 5584 and the statute's implementing regulations, 22 C.F.R. § 34.18(b).  The district court correctly concluded that appellant failed to plausibly allege that the State Department's decision was arbitrary, capricious, or contrary to law.  In addition, appellant has not demonstrated that he is entitled to discovery with regard to his APA claim, see Rempfer, 583 F.3d at 865, and has not shown that the district court otherwise abused its discretion in managing his case, see In re Sealed Case, 77 F.4th 815, 832 (D.C. Cir. 2023).

Appellant's argument that he is entitled to relief under the Debt Collection Act, 31 U.S.C. § 3711(a)(3), was raised for the first time on appeal and is forfeited.  See Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**